[No. 34748. Department One. May 5, 1960.]

DOLLY THOMPSON, *Respondent*, v. ARTHUR J. MEUSCHKE *et al.*, *Appellants*, MIKE'S COFFEE CUP CAFE, INC., *Defendant.*[1]

*Olwell & Boyle* and *Happy, Copeland & King*, for appellants.

*Jordan & Adair*, for respondent.

PER CURIAM.—Appellant (defendant) accurately presents this case on appeal as "one brought by respondent [plaintiff] to quiet in her the title to an entire tract of real property," described throughout the record as the "corner" property.

Prior to April 14, 1953, title to the property stood in plaintiff's name. On that date, the parties entered into a written agreement that stated the property

". . . is owned by the First and Second Parties in the following proportion: Sixty (60%) per cent in Dolly Thompson, and forty (40%) per cent in Arthur J. Meuschke."

The disposition of this case turns on the interpretation given to the transactions surrounding the execution of this agreement. It presents a factual question. As we said in *In re Dand's Estate*, 41 Wn. (2d) 158, 163, 247 P. (2d) 1061 (1952),

"This case is a striking example of the wisdom of our rule that the trial court, having the witnesses before it, is in a better position to arrive at the truth than is the appellate court. The respondents are entitled to the benefit of all evidence and reasonable inference therefrom in support of the findings of fact entered by the trial court. *Two different theories were presented. The trial court rejected one and accepted the other. . . .*" (Italics ours.)

On at least three different occasions, the trial court indicated in his oral memorandum opinion that he placed more credence in plaintiff's testimony than he did in defendant's.

As a consequence, the trial court stated in the findings of fact:

"The court finds that the defendant did not at that time have any pre-existing interest or claim in or to said parcels of real property or any of them. The attempt by the defendant to assert any right, title,

[1]Reported in 351 P. (2d) 939.

interest, claim or ownership in said 'corner' property prior to April 14, 1953, is so gross as to shock the conscience of the court."

The trial court concluded:

"The attempt by the defendant to assert any right, title, interest, claim or ownership in the foregoing described real property prior to April 14, 1953 is so gross as to shock the conscience of the court; it amounts both at law and in equity to proof of fraud, oppression and undue influence."

There is evidence in the record to support the finding of fact made by the trial court. The finding of fact justifies the court's conclusion of law, which, in turn, supports the judgment.

The judgment is affirmed.