[No. 35927. Department Two. October 5, 1961.]

LEO R. CONGER *et al.*, *Respondents*, v. CORDES TOWING SERVICE, INC., *Appellant*.*

*Whitmore, Vinton, Powers & Manion*, by *Howard T. Manion*, for appellant.

*Reported in 365 P. (2d) 20.

OTT, J.—Leo R. Conger and Leon Conger, doing business as Conger Brothers, are the owners of a 1948 Diamond T truck. November 6, 1959, while the truck was being operated by an employee of Conger Brothers, it was involved in a collision with an automobile. As a result of this accident, the truck had a broken headlight glass, the headlight frame and left front bumper were bent, and a core of the radiator was punctured. The truck was mobile, but could not have been operated for any great distance due to loss of water from the radiator.

The police officer who investigated the accident directed that the truck, which was loaded with a twelve-ton caterpillar tractor, be towed from the scene rather than driven. Cordes Towing Service, Inc., was summoned to tow the truck to its destination. The operator of the tow truck elevated the front of the Diamond T truck, fastened the holdback bars between the two vehicles so that the bars were lower on the tow truck than on the Diamond T truck, and attached the two vehicles for towing.

While proceeding over a route suggested by Conger Brothers' employee, it was necessary to stop at an intersection at the foot of a hill. The weight of the towed vehicle forced the holdback bars on the tow truck from an approximately horizontal to a perpendicular position, which elevated the front wheels of the towed vehicle onto the tow truck. As a result of this accident, the left front fender on the towed vehicle was ripped, the cab was twisted out of position, and the radiator was torn loose from the frame. Repair of the truck required thirteen days.

Conger Brothers commenced this action against Cordes Towing Service, Inc., alleging that the defendant was negligent in towing their Diamond T truck. The defendant denied negligence and prayed for judgment in the amount of the towing charges.

The cause was tried to the court, which entered findings of fact (substantially as above), conclusions of law, and judgment in favor of the plaintiffs in the sum of $677.59. The defendant has appealed, assigning error to the findings of fact, conclusions of law, and judgment.

Appellant states its position as follows:

". . . there was insufficient evidence before the court to find that the defendant [appellant] or the defendant's agents were guilty of any negligence which proximately caused or contributed to any damages to the plaintiffs' vehicle—that no evidence was before the trial court from which a determination could be made that any such damage in fact existed and no evidence was before the court from which a legal determination of loss of use could have been made."

Appellant's first contention is that there is no evidence of negligence on its part. The appellant is a common carrier, engaged in the occupation of transferring things from place to place for hire or reward. *State ex rel. Railway Express Agency v. Washington Public Service Comm.*, 57 Wn. (2d) 32, 354 P. (2d) 711 (1960). A common carrier is charged with the highest degree of care consistent with the trade, in both the maintenance and operation of its vehicles. *Heggen v. Seattle*, 47 Wn. (2d) 576, 288 P. (2d) 830 (1955).

In analyzing the evidence relating to appellant's negligence, the trial court said:

". . . It seems to me that it was just a mistake in judgment, and Mr. Bigelow [operator of the tow truck] shouldn't have attempted to take such a big load down such a steep grade, especially when, by his own testimony, the holdback bars were chained on the towing vehicle at a point lower than that to which the other end of the tow bars were attached to the truck, and with that much weight behind the vehicle and with one of the chains slipping off, why that was just enough to cause the whole load to shift."

From these facts, the court found that the carrier had not operated its towing vehicle with a degree of care consistent with the practical operation of its business. There is substantial evidence in the record to sustain the court's findings of fact, and they will not be disturbed. *Montgomery v. Dougherty*, 56 Wn. (2d) 228, 352 P. (2d) 210 (1960), and cases cited; *Thompson v. Meuschke*, 56 Wn. (2d) 964, 351 P. (2d) 939 (1960), and cases cited.

Appellant's second contention is that there is no evidence to sustain the award of damages.

The evidence, although in some respects conflicting, established that the damages resulting from the first collision were nominal; that the damages resulting from the second accident were substantial, and that the shifting of the cab on the frame of the Diamond T truck, together with the other items of damage, required thirteen days for repair. The testimony was uncontradicted that the rental charge for a similar truck was fifty dollars a day.

The court allowed the rental cost for loss of use and that portion of the costs of repair for the second accident which the evidence sustained. The claim for depreciation of the truck as a result of the accident was denied. The appellant was allowed an offset of $41.08 for towing charges.

The record sustains the judgment and it is affirmed.

FINLEY, C. J., MALLERY, DONWORTH, and HUNTER, JJ., concur.