[No. 35966.   Department One.   February 8, 1962.]

EMMOGENE KRAMER, *Appellant*, v. C. JACK JONES, *Respondent.*\*

*Greenwood, Shiers & Presser*, by *Ray R. Greenwood*, for appellant.

*Wallace & Fraser*, by *Merrill Wallace*, for respondent.

OTT, J.—On or about August 25, 1959, Emmogene Kramer executed a conditional sale contract for the purchase of a 44-foot Flamingo Mobile Home for $3,872.81 from C. Jack Jones, doing business as Bremerton Trailer Sales. The contract allowed $2,500 for Mrs. Kramer's equity in her residence property located in Bremerton, leaving a balance on the purchase price of $1,372.81, to which was added $247.11 for handling charge, insurance, and interest, making the total "TIME PURCHASE PRICE" $1,619.92, payable in 35 successive monthly installments of $44.99 each, commencing October 1, 1959. The assignment of Mrs.

\* Reported in 368 P. (2d) 692.

Kramer's real-estate contract and deed to C. Jack Jones was deposited by her with a Bremerton real-estate firm where she had been employed.

The conditional sale contract provided, *inter alia,* for delivery of the mobile home in California, and that "the purchaser acknowledges notice of the intended assignment hereof to NATIONAL BANK OF WASHINGTON, Tacoma, Washington." On the same day, Mrs. Kramer signed a "PURCHASER'S STATEMENT" directed to the National Bank of Washington, giving certain credit references and stating: "I hereby affirm that the foregoing information is true and correct and made for the purpose of obtaining credit." Thereafter, Mrs. Kramer left for California.

August 27, 1959, C. Jack Jones wrote to Mrs. Kramer as follows:

"I have some bad news to the effect that none of our local banks will carry your contract. Therefore through necessity I must cancel the trailer sale for your property equity until something else can be worked out.

"I wanted you to know this before going to the expense of moving the trailer to Westminister.

"If it wasn't for the amount you owe Herman Peterson we could work out this equity for you. However it will take some time. Sorry this worked out like it did."

Mrs. Kramer endorsed her answer on the bottom of the Jones letter as follows:

"Mr. Jones: Do *something,* contact my son Terry Cole at 1007 Burwell—Phone Es 31794 or my daughter Carmen Madlin 2640 Bullard—Phone Es 71677. Keep me advised— payment due on house Sept. 9. I have a job here Monday. Emmogene"

In later correspondence, Mrs. Kramer offered to send $500 to pay Herman Peterson and also to try to get the trailer financed in California, if Jones would deliver it there. The negotiations to effect a sale and delivery of the trailer failed.

January 13, 1960, Emmogene Kramer commenced this action to recover judgment against C. Jack Jones for $2,500, the value of her equity in the real-estate contract (which

was later forfeited due to default in the monthly payments) or, in the alternative, for delivery of a 44-foot Flamingo Mobile Home as provided by the contract.

Defendant's answer and affirmative defense alleged, *inter alia,* that the negotiations failed for the reason that the National Bank of Washington and the National Bank of Commerce refused to finance the contract; that the financing was the condition of a contemporaneous oral agreement, and that, thereupon, the defendant rescinded his offer to sell. By cross-complaint, the defendant alleged that, prior to this action, he made two payments of $65 each to prevent the forfeiture of plaintiff's real-estate contract, and prayed for judgment against Mrs. Kramer in the sum of $130.

The cause was tried to the court and, from a judgment dismissing plaintiff's complaint and allowing $130 on defendant's cross-complaint, the plaintiff has appealed.

On appeal, appellant asserts that the court erred in its finding that a contemporaneous oral agreement provided that the conditional sale contract was to become effective only upon the appellant's arranging to finance the $1,619.92 balance through either of the banks mentioned and, further, that the court erred in its refusal to find that the conditional sale contract was completed at the time Mrs. Kramer left for California and that respondent subsequently breached it.

The evidence is in sharp conflict. The appellant's testimony sustained her contention; the respondent's sustained his. In addition to the statements of the parties in this regard, Mrs. Kramer's credit references, submitted to the National Bank of Washington "for the purpose of obtaining credit." and her reply to respondent's letter of August 27, 1959, corroborated the contention of the respondent. Where there is substantial evidence in the record to sustain the court's findings, they will not be disturbed. *Port of Seattle v. Blatz, ante* p. 55, 365 P. (2d) 779 (1961); *Conger v. Cordes Towing Ser.,* 58 Wn. (2d) 876, 365 P. (2d) 20 (1961), and cases cited.

■ Finally, appellant contends that respondent did not return possession of the real estate; that he made two payments on the real-estate contract, and that the return of the consideration is a condition precedent to rescission. We find no merit in this contention. The conditional sale contract never became operative because the contemporaneous oral condition precedent was not accomplished. The payments on the real-estate contract were made by respondent at appellant's request and for her benefit, during the time that further negotiations were in progress.

The judgment is affirmed.

HILL, WEAVER, ROSELLINI, and FOSTER, JJ., concur.