[No. 45356. En Banc. December 28, 1978.]

ARNOLD ALBRECHT, *Respondent,* v. LLOYD GROAT, ET AL, *Appellants.*

*Johnson, Metzler, Gierke & Curwen,* by *Bradford M. Gierke* and *Douglas V. Alling,* for appellants.

*Walstead, Mertsching, Husemoen, Donaldson & Barlow,* by *Odine H. Husemoen,* for respondent.

DOLLIVER, J.—Plaintiff, a logger, hired defendant, a common carrier, to transport his crawler log loader from one jobsite to another. The loader was placed on defendant's lowboy trailer by plaintiff for the move. While the equipment was being moved, the truck bogged down on a freshly graveled, steep, logging road. Defendant and plaintiff's employees, who accompanied defendant during the move, secured a Caterpillar bulldozer to extract the truck from the mire. During the pulling operation, the 45–ton log loader cascaded from the trailer down an embankment where it came to rest in a damaged condition.

Plaintiff alleged the accident was caused by defendant, while defendant argued: (1) he was free from negligence; (2) plaintiff was contributorially negligent by failing to secure the loader properly when it was placed on the trailer; and (3) comparative negligence should reduce the award to plaintiff in the event of liability.

Defendant appeals from a jury verdict awarding plaintiff his damages in the amount of $13,988.11. Three issues are before us on appeal: (a) Is strict liability the proper standard of liability of a common carrier? (b) If so, may plaintiff's contributory negligence be used to reduce the award of damages under comparative negligence principles? and (c) Should the court have instructed the jury regarding the sudden emergency doctrine? We find no error on the part of the trial court and affirm.

■ Liability of the common carrier in this state is set forth in RCW 81.29.020:

> Any common carrier receiving property for transportation . . . shall be liable . . . for any loss, damage or injury to such property caused by it, . . . and no contract, receipt, rule, regulation or other limitation of any character whatsoever, shall exempt such common carrier from the liability imposed; . . .

Strict liability of common carriers is the law in Washington. In *McCurdy v. Union Pac. RR.,* 68 Wn.2d 457, 462, 413 P.2d 617 (1966), we stated:

> The duty of a common carrier toward the property of others being transported is summarized in 13 C.J.S. *Carriers* § 40 at 84, as the duty to exercise *such care as is required to protect that property from loss or injury during the transportation.*

(Italics ours.)

The burden of proof is on the carrier to establish an affirmative defense. Only by a showing that it did not cause the damages may defendant escape liability. *Western Mach. Exch. v. Northern Pac. RR.,* 142 Wash. 675, 254 P. 248 (1927).

Furthermore, if negligence by the plaintiff contributed to the damage, defendant cannot escape liability unless the negligence of plaintiff was the sole and only cause of the damage. *McCurdy v. Union Pac. RR., supra* at 464–65. Defendant cites *Becker v. Tacoma Transit Co.,* 50 Wn.2d 688, 314 P.2d 638 (1957), and *Peterson v. Seattle,* 51 Wn.2d 187, 316 P.2d 904 (1957). These cases are not in point. They both concerned municipal bus companies and their passengers which are not covered by RCW 81.29.020.

Defendant contends the trial court erred in not giving instructions to the jury regarding comparative negligence and apportioning damages between the parties. He refers us to RCW 4.22.010:

> Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages caused by negligence resulting in death or in injury to person or property, but any damages allowed shall be diminished in proportion to the percentage of negligence attributable to the party recovering.

It is not applicable to this case.

The problem the statute was intended to correct—the use of the contributory negligence of the plaintiff as an absolute defense by defendant—has never existed in actions against common carriers. *McCurdy v. Union Pac. R.R., supra.* By its terms, RCW 4.22.010 is meant to apply only where the contributory negligence of plaintiff might otherwise bar recovery. Since, in common carrier cases, under RCW 81.29.020 it is not the contributory negligence of plaintiff as a concurring or cooperative cause of the injury but only his negligence as a *sole* cause which will relieve defendant from liability, RCW 4.22.010 does not apply.

Finally, in the words of RCW 81.29.020, the liability of the carrier is not premised upon negligence but rather causation alone. RCW 4.22.010 limits its applicability to actions "to recover damages caused by negligence". Thus, it does not apply to actions by shippers against common carriers for damage to property transported by the carrier. *See*

*also Teagle v. Fischer & Porter Co.,* 89 Wn.2d 149, 570 P.2d 438 (1977).

■ As to defendant's contention the trial court erred in refusing the requested instruction on the emergency doctrine, in *Zook v. Baier,* 9 Wn. App. 708, 514 P.2d 923 (1973), it was noted the essential element required to invoke the emergency doctrine is confrontation by a sudden peril requiring instinctive reaction. Here there was no showing by defendant that instinctive reaction was necessitated when the truck and equipment became bogged down. The parties had ample time to consider various alternatives in extricating the equipment, and the emergency doctrine is not applicable.

Affirmed.

WRIGHT, C.J., and HAMILTON, STAFFORD, and HOROWITZ, JJ., concur.

ROSELLINI, J., concurs in the result.

HICKS, J. (dissenting)—This case, in its essential parts, involved a joint effort by two small businesses, one of which possessed a common carrier permit.

The facts are that the plaintiff needed a 45–ton piece of equipment moved to a new logging site. Defendant had a lowboy trailer that could do the job. The plaintiff's employees loaded the crawler log loader on the lowboy and accompanied defendant to direct the way. In the course of the move, as the majority notes, "the truck bogged down on a freshly graveled, steep, logging road."

Plaintiff had a Caterpillar bulldozer in the vicinity, but to the rear of the lowboy. It was proposed to use the bulldozer in an effort to extract the truck from its predicament. In order to get the bulldozer past the bogged–down equipment, it was necessary to reposition the boom on the log loader, which plaintiff's employee did. Cables were attached to the bogged–down truck and the bulldozer attempted to "snap pull" it onto firmer ground. In the course of this activity in which plaintiff's employees were involved, the

log loader slid off the lowboy, down an embankment and was damaged.

The majority finds that strict liability is the proper standard of liability for a common carrier and holds that RCW 4.22.010 is inapplicable. I disagree.

The majority cites portions of RCW 81.29.020 as formulating the standard of liability for common carriers in Washington. Initially, it should be noted that the purpose of this statute is to prohibit carriers from limiting their liability contractually, not to define the standard of liability. The majority then states that strict liability of common carriers is the law in Washington, quoting an excerpt from *McCurdy v. Union Pac. R.R.*, 68 Wn.2d 457, 462, 413 P.2d 617 (1966), to support this proposition. Both the *McCurdy* court and the majority cite with approval the summary of the duty of common carriers found in 13 C.J.S. *Carriers* § 40, at 84.

As stated in *Conger v. Cordes Towing Serv., Inc.*, 58 Wn.2d 876, 878, 365 P.2d 20 (1961), and cited with approval in *McCurdy,* the standard of care imposed upon a common carrier is "the highest degree of care consistent with the trade, in both the maintenance and operation of its vehicles." Assuming that the admittedly high standard of care imposed upon common carriers is equivalent to "strict liability", it does not necessarily follow that consideration of fault on the part of the plaintiff/shipper is precluded as a damage reducing factor.

Section 78 of the same title of C.J.S. relied upon by the majority has this to say of shipper responsibility:

> [A] carrier is responsible for the safe carriage of goods only when it has exclusive possession and control thereof. Accordingly, if a shipper accompanies the consignment and undertakes to perform certain duties of the carrier, that fact becomes a material consideration in determining the liability of the carrier; and the carrier is not liable for any injury or loss that may occur through the act of such shipper . . . nor is the carrier liable for injuries to a shipment occasioned by improper interference of the

owner with the carrier's management of the transportation.

(Footnotes omitted.) 13 C.J.S. *Carriers* § 78, at 145.

The majority finds that RCW 4.22.010, Washington's comparative negligence statute, is "by its terms" limited to situations in which the defendant could use the plaintiff's contributory negligence as an absolute bar to recovery. The statute does not "by its terms" proscribe its use in instances where contributory negligence would not be a complete bar to recovery. Rather, the language is "but any damages allowed shall be diminished in proportion to the percentage of negligence attributable to the party recovering." I am also unconvinced by the majority's formalistic distinction between the reference to "causation" in RCW 81.29.020 and to "negligence" in RCW 4.22.010.

Although a higher standard of care is imposed, common carrier liability is premised upon fault. The situation may be distinguishable from policy based strict products liability. Even so, the rule regarding comparative negligence and products liability remains unclear in Washington. *Cf. Teagle v. Fischer & Porter Co.,* 89 Wn.2d 149, 570 P.2d 438 (1977).

In the case of products strict liability, the Supreme Court of California was perhaps the first court in the nation to give judicial sanction to the principles that are presently being applied in some form or other in most states. *Greenman v. Yuba Power Prods., Inc.,* 59 Cal. 2d 57, 377 P.2d 897, 27 Cal. Rptr. 697 (1963). This court adopted the principle of strict liability in *Ulmer v. Ford Motor Co.,* 75 Wn.2d 522, 452 P.2d 729 (1969). In the recent case of *Daly v. General Motors Corp.,* 20 Cal. 3d 725, 575 P.2d 1162, 144 Cal. Rptr. 380 (1978), the California Supreme Court was faced with the application of comparative negligence principles to a case of product strict liability. The court begins its opinion as follows:

> The most important of several problems which we consider is whether the principles of comparative negligence expressed by us in *Li v. Yellow Cab Co.* (1975) 13

Cal. 3d 804, 119 Cal. Rptr. 858, 532 P.2d 1226, apply to actions founded on strict products liability. *We will conclude that they do.*

(Italics mine). *Daly v. General Motors Corp., supra* at 730.

While California adopted the principle of comparative negligence by judicial decision and Washington by legislative enactment, I discern no reason why that should make a difference in the application of the principle to strict liability cases. The cases and commentaries concerning this issue are collected by the court in *Daly* at pages 739–41.

Regardless of legal authority, the idea just makes good sense. As the court commented in *Daly* at page 737:

[A]s to that share of plaintiff's damages which flows from his own fault we discern no reason of policy why it should . . . be borne by others.

In the present case, there is no logical or equitable reason why plaintiff's proportion of damages which flowed from the action (fault) of his employees should be visited on defendants.

I am of the view that the rule in *Daly* makes eminent good sense and I would adopt it in this case.

I dissent.

UTTER and BRACHTENBACH, JJ., concur with HICKS, J.