LANDRY, Judge.
This action emanates from an automobile accident involving vehicles being driven by a left-turning motorist and a passing truck and trailer. The mishap occurred April 24, 1965, on Louisiana State Highway 10 (a two-lane paved highway), east of Franklin-ton, Louisiana, when a 1965 Ford Falcon, being driven easterly by defendant Arthur B. Hayes, attempted a left turn into a gravel road to the north of Highway 10 and was struck by an overtaking truck and horse trailer owned by Frederick O. Yates and being driven at the time by one John M. Yates.
The aforesaid incident spawned fñultiple suits including one by Mr. and Mrs. James W. Magee, guest passengers in the Hayes automobile, which named as defendants their host driver Hayes, John M. Yates, Frederick O. Yates and the latter’s liability insurer, Southern Farm Bureau Insurance Company (Southern Farm). The several actions were consolidated for trial following which judgment was rendered inter alia, in favor of Mr. and Mrs. Magee against their host driver, Hayes, but rejected said plaintiff’s demands against the Yates and Southern Farm. From the decree of the lower court dismissing their claims against the Yates and Southern Farm, the Magees have taken this appeal.
Appellants contend the trial court erred in exonerating the Yates and their insurer, Southern Farm, from liability and also in awarding Mrs. Magee inadequate damages *301 for personal injuries. The Yates and Southern Farm have answered this appeal praying that the judgment of the lower court be affirmed. We find the judgment appealed from to be correct in every respect and affirm the determination of the trial court in full.
The issues to be resolved on this appeal are purely factual in nature. Plaintiffs contend their host driver’s vehicle was struck from the rear while still in its own proper lane of travel with its left turn signal light in operation. They allege Yates was negligent in traveling too fast, not maintaining a proper lookout, failing to control his vehicle and colliding with the rear of the Hayes vehicle while it was in the right eastbound lane. Per contra, defendants aver the eastbound Yates automobile was in the passing lane traveling at a lawful rate of speed when Hayes made a sudden, unsignaled left turn and struck the Yates vehicle in the westbound lane. Defendants contend Hayes was negligent in attempting a left turn without signal, failing to yield the right of way to an overtaking motorist and heedlessly attempting a left turn when he knew or should have known said maneuver was extremely hazardous due to the presence of another vehicle to his rear.
The record discloses the day of the accident to have been clear and dry thus affording normal visibility. It also appears that the locus of the accident was on a straight level stretch of highway affording unobstructed view for a considerable distance in both directions.
Mr. Hayes’ testimony is substantially that he intended to make a left turn into a gravel road leading to the home of his guest passengers, the Magees. He also stated that as he slowed his speed to commence negotiating the turn, he activated his left turn blinker signal and came to a gradual stop in the right or eastbound lane and while so stopped, his vehicle was struck from the rear. Hayes’ version of the circumstances is corroborated in substance by the testimony of Mr. and Mrs. Magee.
In contradiction of the above testimony, the evidence of John M. Yates is to the effect he was traveling easterly at a moderate rate of speed because he was transporting his horse in a trailer being towed by the vehicle he was driving. He also stated that as he gradually overtook the Hayes vehicle, he pulled slowly into the left lane while some distance behind the Falcon to avoid any sudden movement of the trailer which might cause his horse to lose its balance and perhaps suffer injury. Yates testified further that he observed no turn signal in operation on the Hayes vehicle. Additionally Yates stated that while in the act of passing the Hayes car, its driver turned suddenly into the left lane whereupon the left front fender of the Falcon struck the right front fender of Yates’ car in the passing lane.
Trooper Clarence Wagner of the Louisiana State Police investigated the accident and found the physical damage to the vehicles was principally to the right front fender and right front of the Yates truck and the left front fender of the Hayes auto. Based on visible skid marks, debris and statements elicited from the drivers of the vehicles, Trooper Wagner determined the impact occurred in the north or westbound (passing) lane approximately two feet north of the center line of the highway.
Although appellants forcefully protest that the lower court erred in finding that the impact occurred in the left or passing lane instead of concluding the Falcon automobile was struck from the rear while in the right or eastbound lane, the testimony of their host, Hayes, fails to support this contention. In effect Hayes testified he had the right of way and was entitled to turn notwithstanding the presence of Yates’ overtaking vehicle. The import of his testimony is to the effect that whereas he was aware of the truck approaching from the rear, he had the right to complete his left turn and Yates should have stopped *302 and ceded the right of way instead of attempting to pass. In this regard, we note Hayes’ testimony as follows :
“Q. Were you waiting on Mr. Yates to get by?
A. No, I was not. Mr. Yates when I stopped, I think he suppose to yield the right of way and let me turn. I was not waiting for him to get by.
Q. And why not.
A. When I stopped, I had the right of way. I was ahead of him. I think he supposed to stop for me to turn.”
Counsel for appellants argues the cited testimony was taken out of context by the trial court in concluding that Yates was free of negligence proximately causing the accident. Upon review of the record, we find the trial court correctly assessed the value of Hayes’ quoted testimony when weighed in the light of the physical evidence adduced herein.
Myriad cases in our jurisprudence have proclaimed and reiterated the firmly established rule imposing a strict duty of care upon a left turning motorist. The applicable principle requires that not only shall the left turning driver give visible signal of such intent, but he must also yield the right of way to both oncoming a.nd overtaking traffic and not attempt such a turn until the highway is free of overtaking -or oncoming vehicles which may be thereby endangered.
Under the facts and circumstances of the instant case, the following appearing in the recent case of Bickham v. Bogalusa Coca-Cola Bottling Company, November 12, 1968, 215 So.2d 921, is peculiarly applicable.
“It is the well-settled law and jurisprudence of our state that a person who attempts to make a left turn or who attempts to turn from a direct line on the public highways of the state must ascertain before turning that the turn can be made safely without endangering normal overtaking or on-coming traffic. E. g. Blanchard v. Ashby Construction Co., La.App. 1st Cir., 1957, 95 So.2d 670; Methvin v. Roshto, La.App. 1st Cir.1957, 96 So.2d 383. The onerous burden placed upon a left turning motorist is not discharged by the mere signaling of an intention to turn. The giving of a signal, which fact is disputed in the instant case, is immaterial if at the time the driver of the turning vehicle did not have the opportunity to make the turn in safety.
^ sf: % sfc sfi
“Pertinent under these circumstances is the observation made by the court in Service Fire Insurance Company (of New York) v. Suezy, La.App. 1st Cir., 1954, 77 So.2d 110:
‘By his own admission the defendant did not exercise such caution, as, although he knew that the Hartner car was following him, he did not look immediately prior to turning to determine that the way was clear. Regardless of whether or not he had given a hand signal, he knew that there was traffic behind him and yet failed to exercise the caution that the law imposes upon him. By just giving the hand signal Suezy only performed one half of his duty. He should also have looked to see if the way was clear. If he had looked, he would have seen he could not make the turn safely. This is similar to a motorist who comes to an intersection and stops but fails to look for approaching traffic. He only performs one-half of his duty under the law. This was definitely an act of gross negligence on the part of the defendant and was a proximate cause of the accident, if not the proximate cause of the accident.’ ”
We find that at best Hayes performed only half the obligation incumbent *303 upon him as a left turning driver. Assuming, arguendo, he gave a left turn signal, nevertheless he failed to discharge the remaining obligation of yielding the right of way by remaining safely in the eastbound lane until Yates had completed his passing maneuver. Consequently, we concur in the holding of the lower court that defendant Yates was free of negligence constituting a proximate cause of the accident herein sued upon.
Appellant Mary Magee asks for an increase in the award of $1,000.00 allotted for personal injuries. We note, however, a total absence of medical testimony in the record which is explained by the fact that the treating physician died prior to trial. Counsel for appellants asserted in brief and oral argument that the report of the treating physician, Dr. E. E. Lafferty, was introduced by stipulation but we find no such medical report of record. We do find, however, two statements rendered by Dr. Lafferty for services rendered Mrs. Magee without mention of the nature or scope of said plaintiff’s injuries. We further note a hospital record of the Charity Hospital at New Orleans which states in substance merely that said plaintiff complained of headaches, bruises and spots before her eyes following the accident. Mrs. Magee testified she was bruised over her entire left side, sustained a severe blow to the head and suffered several broken or loosened teeth as a result of the accident. In effect she complained of headaches and seeing spots before her eyes for a considerable period following the mishap. In view of the absence of expert medical testimony evaluating Mrs. Magee’s injuries, her own description of her ailments following the accident are of relatively little value to the courts. In such matters lay testimony is not an acceptable substitute for expert medical opinion. Tuger v. Audubon Insurance Company, La.App., 152 So.2d 354. We recognize that plaintiff is not responsible for the absence of the testimony of her treating physician under the circumstances shown. Nevertheless, by the nature of things, the court cannot properly evaluate personal injuries solely upon the basis of a sketchy medical report without benefit of analysis by the authority who prepared same. Although plaintiff complains of several. broken teeth, we are aware of no medical or dental testimony of record confirming this assertion.
Accordingly, the judgment of the trial court is affirmed at appellants’ cost.
Affirmed.