230 So.2d 433 (1969)
RESOLUTE INSURANCE COMPANY
v.
Glenn UNDERWOOD, Jr.
No. 7835.
Court of Appeal of Louisiana, First Circuit.
December 22, 1969.
Rehearing Denied February 2, 1970.
Writ Refused April 3, 1970.
C. Alvin Tyler, Baton Rouge, for appellant.
James F. Abadie, of Franklin, Moore, Beychok & Cooper, Baton Rouge, for appellee.
Before LOTTINGER, REID and BLANCHE, JJ.
BLANCHE, Judge.
This appeal arises out of a property damage subrogation suit. The record shows plaintiff afforded automobile collision coverage pursuant to which plaintiff paid its insured property damage to the insured vehicle in the sum of $1,395.00, and thereafter sued defendant for said amount, contending the accident was caused by the defendant's negligence. Defendant admitted his negligence but resisted plaintiff's claim solely on the basis of his discharge in bankruptcy, which he pleaded as an affirmative defense. After counsel for the respective parties entered into the record a stipulation reflecting the foregoing, the trial judge rendered judgment in favor of plaintiff and against defendant in the aforementioned amount with legal interest from date of judicial demand until paid together with all costs, the trial judge expressing the opinion that the debt had not been discharged in bankruptcy. From this judgment defendant perfected this suspensive appeal. We affirm.
Section 17(a) of the Bankruptcy Act [11 U.S.C.A. Section 35(a)] provides that:
"A discharge in bankruptcy shall release a bankrupt from all his provable debts * * *."
Section 63(a) [11 U.S.C.A., Section 103 (a)] provides a specific enumeration of the *434 provable and allowable debts, and therefore those debts which may be discharged.[1]
Construing this legislation, the courts have recognized the enumeration of provable and allowable and therefore dischargeable debts provided for in Section 63(a) [11 U.S.C.A., Section 103(a)] as being exclusive. See Goldsmith v. Overseas Scientific Corporation, 188 F.Supp. 530 (S.D. N.Y.1960). Accordingly, appellant must demonstrate that the particular debt giving rise to this suit falls within one of the specified classifications of provable, allowable and therefore dischargeable debts.
Appellee contends that Section 63(a) (7) of the Act [11 U.S.C.A., Section 103(a) (7)] is in effect the only provision on which appellant could rely, which provision by its terms would be inapplicable to the case now before us. Section 63(a) (7) [11 U.S.C.A., Section 103(a) (7)] provides the following:
"(a) Debts of the bankrupt may be proved and allowed against his estate which are founded upon * * * (7) the right to recover damages in any action for negligence instituted prior to and pending at the time of the filing of the petition in bankruptcy * * *."
The record before us clearly reflects that the suit instituted by plaintiff was filed after rather than prior to the petition in bankruptcy filed by appellant, and, in fact, was instituted after appellant obtained his discharge in bankruptcy. Accordingly, under the plain, unambiguous terms of the above-quoted legislation, this particular provision is inapplicable, cf. 3A Collier on Bankruptcy (14th Ed.), par. 63.29, pp. 1908-1910.
Appellant, however, argues that inasmuch as appellant listed the particular debt in his bankruptcy schedule of unsecured creditors and estimated the value of the claim at $200.00, the claim giving rise to this suit is not an unliquidated or contingent tort claim but instead and by virtue of appellant's actions has become a claim arising in quasi contract rather than in tort. We find this contention without merit.
A cursory review of the history of the Bankruptcy Act reflects that prior to the 1934 and 1938 amendments to Section 63 of the Act, any tort claim was not dischargeable in bankruptcy unless prior to the adjudication in bankruptcy the tort claim had been reduced to judgment and therefore represented a fixed liability. This result no doubt emanated from the fact that historically the bankruptcy laws, both in England and in the United States, dealt primarily and particularly with the concerns of traders and merchants. See Schall v. Camors, 251 U.S. 239, 250, 40 S.Ct. 135, 64 L.Ed. 247 (1920). This section of the Act was amended in 1934 to provide that a pending tort claim would be dischargeable in bankruptcy provided judgment were obtained in favor of the tort victim during the pendency of the bankruptcy proceedings. Finally, in 1938 the Act was amended to read as above quoted, thus deleting the requirement that judgment be obtained on the tort claim during the pendency of the bankruptcy proceedings, but retaining the requirement that the tort suit be instituted prior to the bankrupt's voluntary or involuntary adjudication in bankruptcy.
Section 63 of the Act was also amended in 1938 to include therein the provision now reflected as Section 63(a) (8) [11 U.S. C.A., Section 103(a) (8)], which provides the following:
"(a) Debts of the bankrupt may be proved and allowed against his estate which are founded upon * * * (8) contingent debts and contingent contractual liabilities * * *."
A review of the Congressional hearings and doctrinal writing, however, *435 reflects that the use of the term "contingent debts" refers to a debt originating from contract, and would not be so broad as to encompass a tort claim wherein no suit had been filed prior to the bankrupt's adjudication.[2]
Even before the 1934 and 1938 amendments to the Bankruptcy Act it was clear that an unliquidated tort claim could be provable and dischargeable if it likewise constituted either a breach of an express contract or resulted in any unjust enrichment of the tortfeasor so as to form the basis of an implied contract.[3]
Appellant is apparently arguing that his scheduling of the particular tort claim for property damage converted its nature from a claim arising in tort to one arising in quasi contract. It is apparent, however, that appellant, the tortfeasor in this case, gained no unjust enrichment as a result of his negligence and there is, therefore, no basis for holding that this particular tort claim was converted into a quasi contract based on unjust enrichment.
Appellant also goes to great lengths to explain how this particular tort claim is neither contingent nor unliquidated because of appellant's having listed same on his schedule and having attempted to estimate its value. It is true that had this tort claim been one wherein suit had been instituted prior to appellant's adjudication in bankruptcy, it would have constituted a provable claim under Section 63(a) (7) [11 U.S.C.A., Section 103(a) (7)], and would likewise no doubt have constituted an allowable claim as being one capable of reasonable estimation as provided by Section 57(d) [11 U.S.C.A., Section 93 (d)]. The fact that the claim is capable of reasonable estimation and would otherwise therefore be allowable does not, however, make it a provable claim and therefore one capable of being discharged.
*436 We are satisfied that the claim against defendant does not constitute a provable debt under any applicable provision of the Bankruptcy Act, and the claim, not being a provable debt [Section 63(a), Bankruptcy Act; 11 U.S.C.A., Section 103(a)], is not a dischargeable debt [Section 17, Bankruptcy Act; 11 U.S.C.A., Section 35]. Accordingly, appellant's discharge in bankruptcy constitutes no defense to plaintiff's suit and the judgment of the trial court will therefore be affirmed, all costs of this appeal assessed to appellant.
Judgment affirmed.
NOTES
[1] Even if a debt is provable Section 17(a) of the Bankruptcy Act [11 U.S.C.A., Section 35(a)] enumerates a number of debts which are, nevertheless, not released by a bankruptcy discharge.
[2] See 3A Collier on Bankruptcy (14th Ed.), par. 63.30, pp. 1912, 1913:

"The scope of the term `contingent debts' is easier of description than of a logically strict definition. It covers all debts that, either as to their existence or as to their amount, depend upon some future event uncertain either as to its occurrence altogether, or as to the time of its occurrence. The term would appear broad enought to include any kind of liability, even one for wilful tort. Yet it is highly probable that Congress did not, despite its sweeping language, intend to declare a debt provable on the sole ground that it is contingent. The proper construction of clause (8), lest it negate the very principle of enumeration which is at the root of Section 63a, necessitates its limitation to those contingent claims that are in their nature provable, as this term is circumscribed by the other clauses of Section 63a. The clause is not, however, without its ambiguity, chiefly because of the separate statement of `contingent debts' and `contingent contractual liabilities.' It has been declared that the contingent claim must, `of course,' be based on contract,9 but this is not literally what clause (8) says. If clause (8) was intended to refer only to contingent contractual liabilities, the clause has suffered from an overdose of wordage. It is believed, however, that `contingent debts' and `contingent contractual liabilities' together embrace every type of claim otherwise provable under Section 63: clause (8) was not intended to broaden or restrict the type of provable claim; it was merely intended to eliminate any restriction of fixed liability."
Footnote 9 contains a report of a Congressional hearing, which contains the following pertinent colloquy:
"`Mr. Michener. Is there any qualification as to the type of contingent claim?
"`Mr. Hunt. No. It simply refers to a contingent claim. Of course, it has got to be based on a contract, and so it must come within the requirements of Section 63.'"
(Emphasis supplied by this Court)
[3] See Schall v. Camors, 251 U.S. 239, 248, 40 S.Ct. 135, 136, 64 L.Ed. 247 (1920):

"The first and fundamental question is whether a claim for unliquidated damages, arising out of a pure tort which neither constitutes a breach of an express contract nor results in any unjust enrichment of the tort-feasor that may form the basis of an implied contract, is provable in bankruptcy."