TAYLOR, Judge.
This is a suit for property damages arising out of an intersectional collision between plaintiff, Douglas M. Ketchens, and defendant, Norman J. Roux. Co-plaintiff, the American Road Insurance Company, was the collision insurer of Mr. Ketchens at the time of the accident and, under the terms of its policy, paid Mr. Ketchens’ property damages less the $100.00 deductible. The American Road Insurance Company became subrogated to Mr. Ketchens’ right vis a vis the alleged tort-feasor to the extent of its payment by virtue of a conventional subrogation executed on August 15, 1968.
Suit was filed by the American Road Insurance Company and Douglas M. Ketch-ens on July 30, 1969. Plaintiffs allege and the record has established that Mr. Ketch-ens was operating his vehicle on Royal *96 Street, a through street, when the defendant’s car emerged from a side street (Congress Street) and struck Mr. Ketchens’ automobile on the right rear side. Defendant stated that he stopped for the “stop sign” at the intersection of Royal and Congress Streets but that he had a limited view of traffic on Royal Street because of automobiles parked nearby. He further stated that he did not see Mr. Ketchens’ approaching automobile and admits striking the plaintiff’s vehicle. Mr. Roux also admitted to receiving a traffic citation for failing to stop for the stop sign and to pleading guilty therefor in Traffic Court.
After the trial on the merits, there was judgment rendered in favor of defendant, dismissing plaintiffs’ suit at their costs. The defendant had raised the affirmative defense of discharge in bankruptcy in his answer to plaintiffs’ petition. The trial judge stated in his reasons for judgment that he felt the defense had been properly pleaded and adequately established. From this judgment plaintiffs prosecute an appeal to this court.
We will first address ourself to the issue of whether the defendant was properly discharged in bankruptcy of the debt plaintiffs seek to enforce by the present suit.
The accident in question occurred on August 3, 1968. Mr. Roux testified that on October 3, 1968 he filed a debtor’s petition praying that he be adjudged a bankrupt A certified copy of this petition was introduced into evidence as Defendant’s exhibit 1 and bears No. 68-1637 on the docket of the United States District Court for the Eastern District of Louisiana-New Orleans Division. Annexed to this petition was a list of Mr. Roux’s debts. In this schedule of debts, Mr. Roux listed both plaintiffs in the present law suit as unsecured creditors for the amount of $780.18 each. Both claims are listed as “contingent possible injuries.” Mr. Roux was granted a discharge of bankruptcy on December 19, 1968.
11. U.S.C. § 35 provides that a discharge in bankruptcy releases a bankrupt from all of his “provable debts” except those specifically enumerated. The Bankruptcy Act itself then goes on to define which debts are provable. 11 U.S.C. § 103(a) (7) provides as follows:
“(a) Debts of the bankrupt may be proved and allowed against his estate which are founded upon * * *
(7) the right to recover damages in any action for negligence instituted prior to and pending at the time of the filing of the petition in bankruptcy; * * * ”
(Emphasis added)
In the case at bar plaintiffs’ suit had not been instituted prior to and was not pending at the time of the filing of the bankruptcy petition. Therefore under the terms of the Bankruptcy Act, plaintiffs’ claim against defendant was not a provable debt under this section.
Defendant has argued however that plaintiffs’ claims are based not in tort but are quasi-contractual in nature because plaintiffs are in court by virtue of a subro-gation agreement and therefore that the claims were provable in bankruptcy. We cannot agree. In Resolute Insurance Company v. Underwood, La.App., 230 So.2d 433 (1969) the court had a very similar set of facts before it for adjudication. The Resolute case was a property damage sub-rogation suit arising out of an automobile accident allegedly caused by defendant’s negligence. The suit was filed after the defendant’s discharge in bankruptcy and the court held that the debt was not provable under 11 U.S.C. § 103(a) (8) which provides as follows:
“(a) Debts of the bankrupt may be proved and allowed against his estate which are founded upon * * *
(8) contingent debts and contingent contractual liabilities.”
*97 In holding that this section was not applicable to render the debt a provable one, the court stated:
“A review of the Congressional hearings and doctrinal writing, however, reflects that the use of the term ‘contingent debts’ refers to a debt originating from contract, and would not be so broad as to encompass a tort claim wherein no suit had been filed prior to the bankrupt’s adjudication.
“Even before the 1934 and 1938 amendments to' the Bankruptcy Act it was clear that an unliquidated tort claim could be provable and dischargeable if it likewise constituted either a breach of an express contract or resulted in any unjust enrichment of the tort-feasor so as to form the basis of an implied contract.”
The court then went on to state that plaintiff’s claim did not fall into the category of breach of contract or quasi-contract. We agree with the rationale of the Resolute case.
In the case at bar plaintiffs’ claims arise solely from the alleged tortious act of the defendant. The fact that a subrogation agreement created a right of action in the American Road Insurance Company does not change defendant’s liability from one in tort to one in quasi-contract. We are therefore of the opinion that the plea of discharge in bankruptcy was improperly sustained and will now pass on to a discussion of the merits of the case.
The court is of the opinion that the sole proximate cause of this accident was the negligence of the defendant, Norman J. Roux. Mr. Ketchens, being on a through street, was justified in expecting the defendant to yield to his automobile. Steele v. State Farm Mutual Insurance Company, 235 La. 564, 105 So.2d 222 (1958). Had Mr. Roux been maintaining a proper look-out, we are of the opinion that he would have seen plaintiff’s automobile. Mr. Roux is charged under law with having seen that which he should have seen had he exercised due diligence. Smith v. Borchers, 243 La. 746, 146 So.2d 793 (1962); Veith v. Travelers Insurance Company, La.App., 204 So.2d 671 (1967) ; Bertrand v. Home Indemnity Co., La.App., 209 So.2d 307 (1968). Not therefore having yielded to plaintiff’s vehicle, Mr. Roux was negligent. There is no showing in the record that Mr. Ketchens in any way contributed to the accident.
For the foregoing reasons the judgment of the trial court is hereby reversed and judgment is rendered in favor of plaintiff, The American Road Insurance Company, and against the defendant, Norman J. Roux, in the full sum of $680.18, and a judgment is rendered in favor of petitioner, Dougas M. Ketchens, in the full sum of $100.00 both together with legal interest from date of judicial demand until paid and for all costs of these proceedings.
Reversed and rendered.