In the Matter of James C. COUTEE, in Bankruptcy.

James C. COUTEE, Appellant,
v.
ROYAL–GLOBE INSURANCE COMPANIES et al., Appellees.

No. 72–1400

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 5, 1972.

Irving Ward-Steinman, Alexandria, La., for appellant.

Jerry F. Davis, David A. Hughes, Gist, Methvin & Trimble, Alexandria, La., for appellees.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM:

The question presented for review is whether a bankrupt may amend his schedule, after a final discharge in bankruptcy, to include a tort suit which was filed after the discharge in bankruptcy.

The sequence of events which are pertinent to this appeal were as follows:

(1) On December 26, 1969, James C. Coutee was involved in an automobile accident with Mr. and Mrs. James Armand.

(2) On September 3, 1970, Royal-Globe Insurance Company paid the Armands $3,250 under the uninsured motorists provisions of their policy.

(3) On September 29, 1970, Royal-Globe's attorney notified Coutee by letter of its subrogation interest in collecting the sum of $3,250 for the personal in-

juries suffered by Mrs. Armand as a result of Coutee's negligence.

(4) On October 5, 1970, Coutee filed a petition in bankruptcy and was adjudged bankrupt. On Schedule A–3 this subrogation claim was listed.

(5) On December 2, 1970, Coutee received his discharge in bankruptcy.

(6) On December 16, 1970, Royal-Globe filed suit against Coutee in a Louisiana state district court for $3,250.

(7) On December 27, 1970, Coutee filed a petition for permission to amend his schedule to include the abovementioned tort claim.

The referee in bankruptcy denied permission to amend as did the court below. We affirm.

Under Section 17(a) of the Bankruptcy Act [11 U.S.C.A. § 35(a)] a discharge in bankruptcy may release the bankrupt only from his provable debts. Section 63(a) of the Act [11 U.S.C.A. § 103(a)] enumerates the classes of debts which are provable. A claim which does not fall within one of these categories is not provable, and, therefore, not dischargeable. There is no general inclusion of tort claims. Specifically, § 63(a) (7) provides:

"(a) Debts of the bankrupt may be proved and allowed against his estate which are founded upon . . . (7) the right to recover damages in any action for negligence *instituted prior to* and *pending* at the time of the filing of the petition in bankruptcy; . . . ." (Emphasis supplied)

In the instant case it is clear that the tort suit was instituted after appellant Coutee's petition in bankruptcy was filed, and after he received his final discharge. We are bound by the clear language of the Act, and if the result is inequitable only Congress can provide the remedy. *See* Reading Co. v. Brown, 391 U.S. 471, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968);[1] Resolute Ins. Co. v. Underwood, 230 So. 2d 433 (La.App., 1969);[2] writ ref'd., 255 La. 809, 233 So.2d 249 (1970); American Road Ins. Co. v. Roux, 242 So.2d 95 (La.App., 1970); 3A Collier on Bankruptcy (14th Ed.) ¶ 63.29 at 1908.

The judgment of the district court is affirmed.

---

1. In *Reading*, the Court explained that a tort claim arising during an arrangement under Chapter XI of the Act, like a tort claim arising during a bankruptcy proceeding, is not provable as a general claim under § 63, and to establish a claim under that provision suit must be filed before the filing of the petition in bankruptcy. 391 U.S. at 479–483, 88 S.Ct. 1759, 20 L.Ed.2d 751.

2. In *Resolute*, the court in reviewing the history of the Bankruptcy Act found that:
   " . . . [P]rior to the 1934 and 1938 amendments to Section 63 of the Act, any tort claim was not dischargeable in bankruptcy unless prior to the adjudication in bankruptcy the tort claim had been reduced to judgment and therefore represented a fixed liability. This result no doubt emanated from the fact that historically the bankruptcy laws, both in England and in the United States, dealt primarily and particularly with the concerns of traders and merchants. See Schall v. Camors, 251 U.S. 239, 250, 40 S.Ct. 135, 64 L.Ed. 247 (1920). This section of the Act was amended in 1934 to provide that a pending tort claim would be dischargeable in bankruptcy provided judgment were obtained in favor of the tort victim during the pendency of the bankruptcy proceedings. Finally, in 1938 the Act was amended to read as above quoted, thus deleting the requirement that judgment be obtained on the tort claim during the pendency of the bankruptcy proceedings, but retaining the requirement that the tort suit be instituted prior to the bankrupt's voluntary or involuntary adjudication in bankruptcy." 230 So.2d at 434.