307 So.2d 804 (1975)
Mrs. Lillie Mae George WILSON et al.
v.
Voski PITTMAN, Individually, and as natural tutor and administrator of the Estate of his minor son, Darwin Pittman, et al.
No. 10118.
Court of Appeal of Louisiana, First Circuit.
February 10, 1975.
*805 Russ M. Herman, New Orleans, for appellants.
Edward E. Dufreche, Ponchatoula, for defendants-appellees Pittman, Sykes and Hungate.
*806 A. C. Powell, III, Hammond, for defendant-appellee Mitchell.
Before LANDRY, BLANCHE and NEHRBASS, JJ.
NEHRBASS, Judge.
This is a survival and wrongful death action arising out of an automobile accident. The deceased, Margie Gibbons George, was a guest passenger in an automobile owned by defendant, Boski Pittman, at the time of the accident. After trial upon the merits, a judgment was entered dismissing the claim and plaintiffs have appealed.
Plaintiffs are the children of the deceased, Margie Gibbons George. Named as defendants were Darwin Pittman, the minor driver of the Pittman automobile, and Voski Pittman, individually and as administrator of the estate of his minor son. Also named as defendants were Walter B. Mitchell, driver of the other vehicle, and H. B. Hungate and E. L. Sykes, sureties for Voski Pittman on a Financial Responsibility Bond.
Margie Gibbons George died on January 2, 1969, as a result of injuries received while a guest passenger in the Pittman vehicle when that vehicle was involved in a head-on collision with the Mitchell vehicle. The accident occurred at about 4:45 P.M. on December 30, 1968, on Louisiana Highway Number 22, approximately two and one-half (2½) miles west of the City of Ponchatoula. Louisiana Highway Number 22 is a two lane black topped road running east-west. This accident occurred on the Ponchatoula Creek Bridge which is situated in a curve on Louisiana Highway Number 22.
The Pittman vehicle was being driven by young Darwin Pittman towards Springfield, Louisiana. Mrs. George was seated on the left side of the car directly behind the driver.
At the time of the accident there was a heavy rain and it was dusk or dark. Both, Sgt. Pecorara and Trooper Jones, employees of the Louisiana State Police, appearing as witnesses for the plaintiffs, testified that the speed limit on Louisiana Highway 22 at the place of the accident was sixty (60) miles per hour. Darwin Pittman testified that just prior to the accident he had been driving at approximately forty (40) miles per hour but he had reduced his speed prior to entering the Ponchatoula Bridge because visibility was poor due to heavy rain. Pittman further testified that he saw the Mitchell vehicle approaching from the opposite direction and the next thing he knew the Mitchell vehicle had veered into his lane. He applied his brakes and steered his car within the confines of the bridge railing to avoid the accident, but to no avail. There is some testimony that the Pittman vehicle was stopped or almost stopped at the time of the accident.
The trial court did not assign reasons for judgment and we can only surmize that it found, as we do, that the plaintiff has failed to carry his burden of proof in regard to the negligence of Darwin Pittman.
Plaintiffs have correctly stated that under extremely adverse driving conditions a motorist must exercise unusual caution and where the motorist is driving at night through a lashing rain on a slippery highway, his speed must be adjusted to the driving conditions. King v. King, 253 La. 270, 217 So.2d 395 (1968). Plaintiffs also correctly state that when visibility is impaired the motorist must reduce his speed and maintain a close lookout. As an extreme measure, when visibility is destroyed or greatly obscured, he must stop his vehicle until conditions permit him to resume travel in reasonable safety. Campbell v. American Home Assurance Company, 260 La. 1047, 258 So.2d 81 (1972).
There has been no proof that Pittman was negligent. His uncontradicted *807 testimony shows that he had reduced his speed to less than forty (40) miles per hour upon entering the bridge. He testified that visibility was poor, but that he could see the Mitchell car approaching from the opposite direction. He also testified that when the emergency arose he did all within his power to avoid the accident.
Plaintiffs contend that Pittman should have been required to stop his vehicle. The testimony established that the shoulder of Highway 22 prior to entering the bridge was too narrow to permit a safe stop. We find no negligence here. Accordingly, we affirm the lower court insofar as it held that Darwin Pittman was not negligent.
We next consider the negligence of Mitchell. Sgt. Pecoraro testified that Mitchell was driving his pick-up truck in an easterly direction at a speed of approximately forty-five (45) miles per hour when he apparently lost control of his vehicle, bounced off the bridge railing, and then collided with the Pittman vehicle. Darwin Pittman testified that he saw the Mitchell vehicle approaching from the opposite direction and the next thing he knew the Mitchell vehicle had veered into his lane. Mr. Mitchell was not produced as a witness at trial and failed to appear in his own behalf. Under these circumstances we conclude that the accident was caused by the negligence of Walter B. Mitchell.
The trial court dismissed plaintiffs' suit as to Mitchell, we assume, on the grounds that Mitchell was discharged in bankruptcy. Defendant Mitchell filed an answer to this suit and prayed for judgment in his favor and to this answer was attached a certified copy of a petition in bankruptcy, however, no evidence of a discharge in bankruptcy was introduced upon the trial of this matter.
We also note that 11 U.S.C.A. Section 35 provides that a discharge in bankruptcy releases a bankrupt from all of his "provable debts" except those specifically enumerated. The Bankruptcy Act itself defines which debts are provable. 11 U.S.C.A. Section 103(a)(7) provides as follows:
"(a) Debts of the bankrupt may be proved and allowed against his estate which are founded upon . . .
(7) the right to recover damages in any action for negligence instituted prior to and pending at the time of the filing of the petition in bankruptcy; . . ." (emphasis added)
In the instant case Mitchell filed his petition in bankruptcy on October 15, 1969. This tort action was not filed until December 8, 1969. Therefore, under the terms of the Bankruptcy Act, plaintiffs' claim was not a provable debt since the action was not instituted prior to and pending at the time of the filing of the petition in bankruptcy. Therefore, Mitchell would not have been discharged from this obligation even if his discharge in bankruptcy had been introduced into evidence. American Road Insurance Company v. Roux, 242 So.2d 95 (La.App. 4th Cir. 1970).
We next consider damages. At the trial, counsel for all parties stipulated that five of decedent's children were entitled to maintain this action, and further that Lillie Mae George Wilson had abandoned her claim. Apparently, Mr. James Willis, mentioned as a plaintiff in the original petition, also abandoned his claim as no further mention was made of him in this proceeding. The five remaining children assert a claim for the pain and suffering of their deceased mother and for their loss of love and affection occasioned by her death.
Evidence as to the suffering of the deceased is virtually nonexistent. Counsel have stipulated that Mrs. George died on January 2, 1969 as a result of injuries received in the accident which occurred on December 30, 1968. Mrs. George was first admitted to Seventh Ward General Hospital, Hammond, Louisiana, where she was seen by a Dr. Allen, and subsequently she was transferred to Charity Hospital in New Orleans where *808 she died. We note that there is a complete absence of medical testimony in the record. We do find in evidence a sketchy hospital record from Seventh Ward General Hospital to which is attached a report by radiologist Dr. Stuart indicating that Mrs. George suffered fractures to her right wrist, left ankle, right knee, and fractures of the 5th, 6th and 7th ribs on her left side. The only evidence as to the suffering of Mrs. George was contained in the testimony of her daughter, Estelle George; however, lay testimony is not an acceptable substitute for expert medical opinion and we cannot evaluate personal injuries solely upon the basis of a sketchy medical report without benefit of analysis by the authority who prepared same. Magee v. Yates, 219 So.2d 299 (La.App. 1st Cir. 1969). Accordingly, we deny recovery for pain and suffering of the deceased.
The record reveals that Mrs. George was fifty-nine (59) years old at the time of her death and that she had a close relationship with her major children, visiting them frequently and attending social and church functions with them. In fact, two of her children, Curtis George and Lorraine George, lived in the same house with their mother and two others, Estelle George and Walter George, lived within a city block of their mother's home. The plaintiffs in their petition prayed for the sum of $5,000.00 for the loss of love and affection and the pain and suffering of the deceased. Under the circumstances we believe that an award for loss of love and affection in the sum of $5,000.00 for each major child of the deceased is appropriate. Soileau v. Continental Insurance Company, 228 So.2d 522 (La.App. 3rd Cir. 1969); Waters v. Southern Farm Bureau Casualty Insurance Company, 212 So.2d 487 (La. App. 3rd Cir. 1968); Parker v. Smith, 147 So.2d 414 (La.App. 2nd Cir. 1962).
It is ordered, adjudged and decreed that the judgment of the trial court rejecting the demands of the plaintiff against Darwin Pittman and Voski Pittman be and it is hereby affirmed.
It is further ordered, adjudged and decreed that the judgment of the trial court rejecting claims of the plaintiffs against Walter B. Mitchell is hereby reversed and set aside and judgment rendered herein in favor of the plaintiffs, Walter George, Alma George, Earl Curtis George, Orenia Lorraine George, and Estelle George, and against the defendant, Walter B. Mitchell, in the sum of $5,000.00 each together with legal interest thereon from date of judicial demand until paid and all costs of these proceedings to be paid by defendant, Mitchell.
Affirmed in part and in part reversed and rendered.