583 F.2d 1104
 In the Matter of Malissa Alberta Meeks WHITEHEAD, in Bankruptcy.
Malissa Alberta Meeks WHITEHEAD, Petitioner and Appellant,
v.
Rosalyn STRAUSS and Pacific Insurance Company, Respondents
and Appellees.
 No. CA 76-2793.
 United States Court of Appeals,
Ninth Circuit.
 Oct. 12, 1978.
 
 1
 Gerald S. Hirsch, of Sims & Solomon, Bakersfield, Cal., for petitioner and appellant.
 
 
 2
 Peter C. Morris, of Zins & Morris, Fresno, Cal., for respondents and appellees.
 
 
 3
 Appeal from the United States District Court for the Eastern District of California.
 
 
 4
 Before KILKENNY and TRASK, Circuit Judges, and NIELSEN, District Judge.*
 
 NIELSEN, District Judge:
 
 5
 This is an appeal from a judgment of the District Court affirming the order and judgment of the Bankruptcy Court in which it concluded that the claim of appellees had not been discharged in appellant's bankruptcy. For the reasons stated below, the Bankruptcy Court correctly construed the relevant statute, and there was no abuse of discretion. Therefore, we affirm.
 
 
 6
 On September 10, 1973, petitioner-appellant, Malissa Alberta Meeks Whitehead, was involved in an automobile accident with Rosalyn Strauss, respondent-appellee. At the time of the accident appellant had no insurance, and Strauss was covered by Pacific Insurance Company, respondent-appellee. Pacific paid Strauss under her uninsured motorist coverage.
 
 
 7
 On April 24, 1974, appellant filed a voluntary bankruptcy petition, in which she listed both appellees as creditors whose claims were unsecured in the amount of $16,715.51.
 
 
 8
 On July 11, 1974, appellant received her discharge in bankruptcy.
 
 
 9
 On March 5, 1975, appellees herein sued appellant in the Superior Court of the State of California to recover $16,715.51 in damages allegedly resulting from the automobile accident. The Superior Court twice has rejected appellant's demurrer, in which she asserted that the claim was provable and thus discharged in her bankruptcy.
 
 
 10
 On October 23, 1975, appellant petitioned the Bankruptcy Court for an order relating to the pending state court action. She first requested that the court issue an order stating that appellees' claims were provable, properly scheduled, and fully discharged in the bankruptcy proceeding. In the alternative, she sought an order vacating the prior discharge and granting her leave to file an amended schedule which would reflect appellees' claims in the state court action. As a final alternative, appellant asked for an order vacating the prior discharge, dismissing the petition, and allowing her to file an altogether new petition.
 
 
 11
 The Bankruptcy Court declined to grant the requested relief; the District Court affirmed; and this appeal followed.
 
 
 12
 I Provability and Dischargeability of the Claim
 
 
 13
 In relevant part, Section 63a of the Bankruptcy Act, 11 U.S.C. § 103(a), provides:
 
 
 14
 Debts of the bankrupt may be proved and allowed against his estate which are founded upon . . . (7) the right to recover damages in any action for negligence instituted prior to and pending at the time of the filing of the petition in bankruptcy; (8) contingent debts and contingent contractual liabilities . . . .
 
 
 15
 The language of § 63a(7) is clear, and the authorities and courts have followed it: in order for a bankrupt to prove (and thus discharge) a right to recover damages in a negligence action, the suit must have been instituted Prior to the time of the filing of the petition in bankruptcy. In re Coutee, 460 F.2d 1201 (5th Cir. 1972); 3A Collier on Bankruptcy P 63.29, at 1909 (14th ed. 1975).
 
 
 16
 The issue before the fifth circuit in Coutee was whether a bankrupt could amend his schedule to include a tort suit that was filed after the discharge in the bankruptcy. The court was clear that the reason the bankrupt could not do so was that any liability relating to a tort suit instituted after the bankrupt's discharge would not be provable under § 63a(7). 460 F.2d at 1202.
 
 
 17
 We agree with the fifth circuit's analysis of that section and find it controlling here. Appellant received her discharge in July of 1974, and appellees did not file their state court action until March of 1975. Therefore, the claim was not provable under § 63a(7), since the suit was instituted after the discharge in bankruptcy.
 
 
 18
 Next, appellant argues that her obligation to Pacific was a "liquidated contingency debt" and thus provable pursuant to § 63a(8), which is set out above. The basis for this position is the contention that the claim in question is not one for negligence, but rather one for damages in a liquidated amount, based on a statutory and contractual right to recover for the funds paid Strauss under her uninsured motorist provision.
 
 
 19
 Appellant relies on the case of Phoenix of Hartford Insurance Companies v. Colony Kitchens, 57 Cal.App.3d 140, 128 Cal.Rptr. 893 (1976), for the proposition that Section 11580.2(g) of the California Insurance Code[1] creates a statutory cause of action entirely distinct from one sounding in tort. We do not read the case or code section that way. In Phoenix, the insurer failed to file suit within the special three-year limitations period and sought to add itself as a party-plaintiff by amending the complaint in an action previously filed by the insured. Although stating that the insurer's rights were "statutory, not common law rights," the holding of that case was that the insurer could not attach itself to the insured's common law tort cause of action merely in order to relate back to his date of filing, and that the insurer was required to bring its cause of action in its own name. 57 Cal.App.3d at 145-47, 128 Cal.Rptr. 893.
 
 
 20
 We interpret § 11580.2(g) as doing nothing more than statutorily transferring an insured's negligence claims to its insurer; that is, § 11580.2(g) codified what was previously a common law rule[2] that an insurer is subrogated to the rights of an insured against a tortfeasor causing damage for which the insurer had reimbursed the insured. In discussing the predecessor statute to the present one under consideration here, the California Court of Appeal has stated:
 
 
 21
 The 1959 and 1961 versions of section 11580.2 neither increase nor diminish (the insureds') liability. The most that is done is to place in the hands of the injured parties' insurer the right to enforce this always existing liability.
 
 
 22
 Mills v. Farmers Insurance Exchange, 231 Cal.App.2d 124, 128, 41 Cal.Rptr. 650, 652 (1964).
 
 
 23
 Appellant's position is further weakened by certain legislative history which suggests that in order for a claim to be contingent for the purposes of § 63a(8), it must have been one that was contingent when the claim was filed yet became liquidated during the course of the bankruptcy proceedings, and the underlying debt must be one originating in contract. See Hearings on H.R. 6439 Before the House Comm. on the Judiciary, 75th Cong., 1st Sess., at 114-15 (1937); 3A Collier on Bankruptcy P 63.30, at 1911-14 (14th ed. 1975). Appellees' claims were not contingent at the onset and later became liquidated, nor was there any underlying debt arising from a contract.
 
 
 24
 Accordingly, we conclude that appellees' claims are not the type of debts which Congress allows to be proved under Section 63a(7) or (8) of the Bankruptcy Act.
 
 
 25
 II Vacating Discharge and Granting Leave to File an Amended Schedule
 
 
 26
 In its opinion and order the Bankruptcy Court expressed the view that in cases such as this one, an unjust result is obtained since the bankrupt is placed in a position where she cannot really avail herself of the benefits of the Bankruptcy Act. In this regard, appellant argues that it was an abuse of discretion for the Bankruptcy Court to admit its inequity, yet not grant equitable relief.
 
 
 27
 This Court is well aware of the broad range of equitable powers entrusted to the courts of bankruptcy. See, e. g., Pepper v. Litton, 308 U.S. 295, 303-11, 60 S.Ct. 238, 244-46, 84 L.Ed. 281 (1939). However, the issuance of equitable relief is addressed to the sound discretion of the Bankruptcy Court, and the scope of review is accordingly limited to a determination of whether there was an abuse thereof. Time Oil Co. v. Wolverton, 491 F.2d 361, 363 (9th Cir. 1974), Cert. denied, 417 U.S. 947, 94 S.Ct. 3072, 41 L.Ed.2d 667 (1974).
 
 
 28
 After a thorough review of the record, we conclude that there has been no abuse of discretion.[3]
 
 
 29
 III Dismissing Petition With Leave to File a New Petition
 
 
 30
 Here, too, appellant contends that the Bankruptcy Court abused its discretion in denying her request. There are, of course, arguments on both sides as to the benefits and prejudices which would result if appellant were allowed to refile; but, the court below apparently took them into consideration and balanced the equities against appellant.[4]
 
 
 31
 In reaching its conclusion, the Bankruptcy Court did not abuse its discretion, and that is the extent of the scope of review at this time. Time Oil Co. v. Wolverton, supra.
 
 IV Conclusion
 
 32
 We join the fifth circuit's concern over the possible inequities that may befall a bankrupt when a tort suit is instituted after the filing of the petition in bankruptcy, regardless when the actual claim arose. However, the language of Section 63a(7) of the Bankruptcy Act is clear, and absent a revision from Congress, we are bound to follow the statute as written. See In re Coutee, supra, 460 F.2d at 1202.
 
 
 33
 Accordingly, the judgment on appeal of the District Court is AFFIRMED.
 
 
 
 *
 The Honorable Leland C. Nielsen, United States District Judge for the Southern District of California, sitting by designation
 
 
 [1]
 Cal.Ins.Code § 11580.2(g) provides:
 The insurer paying a claim under an uninsured motorist endorsement or coverage shall be entitled to be subrogated to the rights of the insured to whom such claim was paid against any person causing such injury or death to the extent that payment was made. Such action may be brought within three years from the date that payment was made hereunder.
 
 
 [2]
 E. g., Offer v. Superior Court, 194 Cal. 114, 117-18, 228 P. 11 (1924); Anheuser-Busch, Inc. v. Starley, 28 Cal.2d 347, 349-50, 170 P.2d 448 (1946)
 
 
 [3]
 Furthermore, even if appellant had been allowed to amend her schedule to include appellees' state court claim, it still would not be provable under § 63a(7) of the Bankruptcy Act, since it was not "instituted prior to and pending at the time of the filing of the petition." In re Coutee, 460 F.2d 1201 (5th Cir. 1972)
 
 
 [4]
 In this regard the Bankruptcy Court stated:
 . . . this request (to file a new petition) comes too late. Her discharge was granted on October 22, 1975, and her case has been closed. If her case were dismissed and she were permitted to refile, she would, in effect, be receiving the benefit of two discharges in bankruptcy within less than the statutory six year period.
 C.T. at p. 67, 11, 23-28.