[No. 17568. Department One. September 17, 1923.]

O. G. RHIMER, *Respondent,* v. HAROLD DAVIS *et al.,*
*Appellants.*[1]

MUNICIPAL CORPORATIONS (380, 390)—USE OF STREETS—COLLISION WITH AUTOMOBILE—NEGLIGENCE—QUESTION FOR JURY. It cannot be said as a matter of law that plaintiff was not guilty of negligence in striking a pedestrian as he was leaving the roadway, where the automobile was driven on the left or wrong side of the road.

SAME (383, 391)—USE OF STREETS—VIOLATION OF ORDINANCE—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY. The contributory negligence of a pedestrian, struck by an automobile as he was crossing a twenty-four foot roadway in the center of a bridge, is a question for the jury, notwithstanding such act would make a prima facie case, where he looked for approaching cars before he started across, and also after reaching the center of the bridge.

Appeal from a judgment of the superior court for Whitman county, Miller, J., entered May 5, 1922, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a pedestrian struck by an automobile. Affirmed.

*Hanna, Miller & Hanna,* for appellants.

*W. L. LaFollette, Jr.,* and *John Pattison,* for respondent.

[1]Reported in 218 Pac. 193.

MAIN, C. J.—The plaintiff brought this action to recover damages on account of being struck by an automobile owned by the defendants and at the time driven by Mrs. Davis. The cause was tried to the court and a jury, and resulted in a verdict in favor of the plaintiff in the sum of $2,500. At the conclusion of the plaintiff's evidence, the defendants made a motion for nonsuit which was overruled, and at the conclusion of all the evidence interposed a motion for a directed verdict, which was likewise overruled. After the return of the verdict, they made a motion for judgment notwithstanding the verdict, and this being not sustained by the trial court, judgment was entered upon the verdict, from which the defendants appeal.

The accident happened at between 5:30 and 6 o'clock in the evening on October 21, 1920, in the city of Colfax, on a bridge spanning the South Palouse river on South Main street in that city. The roadway of the bridge is approximately twenty-four feet wide, and the length one hundred and twenty-five feet. On the outside of the uprights on either side of the bridge is a footway slightly above the level of the surface of the bridge used by vehicles. Business structures and residences are both north and south of the bridge, and Main street is one of the main arteries of travel in the city.

On the evening in question, the respondent, who was deaf and dumb, in going to his home from the business district of the city, was required to cross the bridge. In doing so he used the footwalk on the west side thereof until he had reached a point a little to the south of the middle of the bridge, when he stepped through the uprights, or braces of the bridge, onto the roadway and proceeded nearly straight across to the east side. Just before he stepped from the roadway onto the walk on the east side he was struck by the automobile and

sustained the injury for which he recovered in this action.

So far as the record shows, no motion for a new trial was made, but the appellants rely upon their motion for judgment notwithstanding the verdict. If we have correctly interpreted their position, they do not seek a reversal and a new trial, but seek a reversal and a dismissal.

The first question to be determined is whether the appellants were guilty of negligence. The evidence, as is not unusual in such cases, was directly conflicting upon vital matters. If the evidence offered on behalf of the respondent be true, the case presents a question for the jury and not one of law for the court. This evidence, in brief, was that, before the respondent started across the bridge, he looked in both directions and saw the automobile approaching from the north about two hundred feet distant. When he was in the middle of the bridge, he again looked both ways and again saw the automobile approaching. He then continued across the bridge and was struck, as above stated, just as he was leaving the roadway and stepping onto the walk on the east side. There was evidence from which the jury had a right to infer that the automobile approached from the north on the left-hand side of the bridge.

The respondent further testified that the lights on the automobile were not burning and that the street and roadway across the bridge were dry. Mrs. Davis testified that, as she was crossing the bridge, the automobile was traveling at twelve or fifteen miles per hour, that the head-lights were burning, and that the respondent stepped through the uprights of the bridge onto the roadway in the glare of the head-lights about eighteen or twenty feet in front of the car. Seeing him step into the roadway, she released the clutch and at-

tempted to glide around him to the left, thinking that he would stop in order that she might pass by. When she observed that he was not going to stop, she then continued to turn the automobile to the left, set the brakes on it and attempted to stop and avoid striking him. The left front of the car struck the girder on the east side of the bridge and, as she says, the respondent was struck by the right front of the automobile. If the automobile was driven on the left or wrong side of the bridge and struck the respondent just before he was leaving the roadway, it cannot be held, as a matter of law, that there was no negligence. Upon this issue the question of fact was one for the jury.

The next question is whether the respondent was guilty of contributory negligence as a matter of law. If the evidence offered by the appellants were undisputed, it might be so held; but the evidence offered on behalf of the respondent on this question makes an issue for the jury. The case of *Harder v. Matthews,* 67 Wash. 487, 121 Pac. 983, cited by the appellants as being more nearly in point than any other, is easily distinguishable. In that case the plaintiff emerged from behind an express wagon into the path of traffic without looking for approaching vehicles. If there were no evidence in the record except that offered by the appellants, this case probably would be applicable; but the evidence offered by the respondent is distinctly and unqualifiedly to the effect that he looked before he stepped onto the roadway and again when he was in the middle of the bridge. Under the ordinance of the city of Colfax, pedestrians are given the right of way at street intersections and crossings and vehicles between intersections and crossings. Assuming that the respondent's attempting to cross in violation of the ordinance would make a *prima facie* showing of negligence, it would not justify, under the evidence in this

case, a holding that he was guilty of contributory negligence as a matter of law. In attempting to cross the roadway over the bridge where vehicles had the right of way, he was undoubtedly required to use a degree of care commensurate with his position, but the question was one for the jury. *Twedt v. Seattle Taxicab Co.*, 121 Wash. 562, 210 Pac. 20.

There is some argument in the briefs to the effect that the complaint does not state a cause of action. The ultimate facts, as supported by the evidence offered on behalf of the respondent, are stated in the complaint, and if the evidence makes a case for the jury, as we have above seen, the complaint states a cause of action.

The appellants also complain of an instruction that the trial court gave upon the doctrine of last clear chance, it being their position that there was no evidence which justified the giving of the instruction. Even though the instruction be erroneous (and we do not now so hold), it would not result in a judgment of reversal and dismissal, but would only call for a reversal and a new trial, and, as above pointed out, we do not understand that the appellants are seeking this.

The judgment will be affirmed.

HOLCOMB, BRIDGES, MACKINTOSH, and MITCHELL, JJ., concur.