[No. 39044. Department One. March 2, 1967.]

ARTHUR KEMP et al., *Respondents*, v. OSCAR L. LEONARD et al., *Appellants*.*

*Reported in 424 P.2d 660.

644

*W. Wesselhoeft* and *William B. Moore,* for appellants.

*Levinson & Friedman,* by *Ronald J. Bland,* for respondents.

ROSELLINI, J.—This is an action for damages resulting from a collision between an automobile belonging to the respondents and driven by the respondent wife and an automobile belonging to the appellants, Oscar and Eva Leonard. The appellants' car was being driven by their 16-year-old daughter, Sharon Leonard, for whom Oscar L. Leonard also appears as guardian ad litem. The respondent husband was a passenger in the front seat of the respondents' automobile; Kevin Leonard, an 8-year-old brother of Sharon Leonard, was a passenger in the front seat of the Leonard automobile.

The jury returned a verdict in favor of the respondents and denied recovery to the appellants on their cross complaint, in which they alleged that the respondent driver was guilty of contributory negligence proximately causing the accident.

The accident occurred on the road which ran in front of the homes of the respondents and appellants, who were neighbors in Auburn. Sharon Leonard, accompanied by her

brother, had taken the family car to look for polywogs a short distance south of her home. It was a misty day, but witnesses said the visibility was good. The windshield of the Leonard car was fogged over or dirty. The respondents were returning to their home, traveling in a northerly direction, when they perceived the Leonard car approaching with its left wheels across the center line on their side of the pavement. The pavement was 16 feet in width. There were no ditches on the sides of this road, but there was a fence on either side. This fence was 5 feet 7 inches from the road on the respondents' side and was separated from it by a gravel shoulder.

According to the testimony of the respondents, when they observed the approaching vehicle traveling partly on the wrong side of the road, the respondent wife slowed her vehicle from a speed of not more than 30 miles an hour and turned to her right toward the fence coming to a stop at about the moment of impact.

Sharon Leonard admitted she was driving partly on the wrong side of the road and that her windshield was dirty. The only evidence tending to contradict the testimony of the respondents, that the respondent wife turned to the right when she perceived the danger, was the testimony of the 8-year-old boy, Kevin Leonard.

He said that the respondents' automobile was veering toward the Leonard vehicle, but he admitted that he could not see more than a few yards through the windshield and was not watching the road. Sharon Leonard did not suggest that the respondents were traveling on the wrong side of the road. When the vehicles came to rest, evidently very close to the point of impact, the left rear wheels of the Leonard automobile were across the center line and the front wheels were on the driver's proper side of the road. The front of the Kemp vehicle was on the driver's right hand side of the road and the rear wheels were against the fence off the side of the road. The damage to the automobile extended from the front center to the left. An oil spot was observed in the area where the Leonard vehicle came to rest after the collision.

The trial court instructed the jury that Sharon Leonard was negligent as a matter of law. The appellants do not challenge this instruction and no error is assigned as to damages, but the appellants do contend that the trial court was in error in failing to advise the jury in what respect Sharon Leonard was negligent. They cite our recent decision of *Izett v. Walker,* 67 Wn.2d 903, 410 P.2d 802 (1966). In that case, we held that it was error for the trial court to refuse to instruct the jury regarding the duty of a following driver, where such knowledge was necessary in order for the jury to understand what the following driver, who had been held negligent as a matter of law, had done wrong. The jury found in favor of the defendants in that case in spite of instructions that they were negligent as a matter of law. This court held that the plaintiffs were prejudiced by the court's failure to advise the jury what duty the defendants had violated since the jury was permitted to find that the plaintiff driver was negligent in making an emergency stop, regardless of the circumstances.

■■ We need not decide whether that rationale would apply where it is the defendant himself who complains that his duty was not defined to the jury. There are two reasons why the question is not before us. First, no exception was taken to the instruction given, and no instruction defining the duty of the driver was requested. The error, if any, in failing to instruct regarding the nature of the driver's negligence, was therefore waived. *Horwath v. Washington Water Power Co.,* 68 Wn.2d 835, 416 P.2d 92 (1966). The second reason is that it is inconceivable that the jury could have been confused concerning the nature of the driver's negligence. As the trial court instructed the jury, the respondents' contention was that Sharon Leonard was negligent in driving on the wrong side of the road. She admitted she was driving on the wrong side of the road. The presence of her vehicle on the wrong side of the road was an obvious proximate cause of the collision. The rationale of *Izett v. Walker, supra,* is therefore not applicable here.

■ The appellants also assign error to the giving of an instruction regarding the emergency doctrine. They do not suggest that the instruction given incorrectly states the law, but they maintain that it was inappropriate because the respondent driver was guilty of negligence as a matter of law. Her negligence, they say, was in failing to see the Leonard vehicle until it was about 100 feet away. Both respondents testified that they did not notice the Leonard car until it veered across the center line approximately 100 feet ahead of them. The appellants do not suggest that the vehicle was more than 100 feet from the Kemp vehicle when it crossed the line, nor do they suggest how the accident could have been avoided had the respondent driver perceived the approaching vehicle when it was further away. If the Leonard vehicle was on its own side of the road previously, there would have been no action which the respondent driver should have taken; and if it was on the respondents' side when it was even further than 100 feet from the respondents' vehicle, observation of it would not have told the respondent driver what course to follow. She could only speculate as to what the driver would do—whether she would continue straddling the center line, would turn back into the proper lane, or would veer even further to the left. If the respondent wife was negligent in not seeing the vehicle until it was 100 feet away, it certainly cannot be said as a matter of law that such negligence was the proximate cause of the accident.

■ The situation confronting the respondent driver was certainly one of emergency, whether she saw the appellants' vehicle approaching 100 feet away, or 500 feet away, her choice of action was very limited. There was no evidence that she could have avoided the accident by leaving the road or turning either to the right or to the left. Her vehicle was confined by fences on either side of the road and, as we have said, she was forced to guess what direction the approaching vehicle would take from one second to the next. There was a contention by the appellants that she turned to the left. Since the jury was asked to accept the

testimony to this effect, the respondents were entitled to an instruction defining the driver's duty in an emergency. *Bunnell v. Barr*, 68 Wn.2d 771, 415 P.2d 640 (1966). Whether the driver was placed in that emergency by reason of her own negligence was a question for the jury and was submitted to it in the standard instruction given.

■ Error is assigned to the court's refusal of the appellants' requested instruction concerning circumstantial evidence. The appellants have failed to indicate what circumstantial evidence was presented which tended to prove negligence of the respondent driver. They say that there was an oil spot and debris in the center of the road. They do not suggest how these items tend to prove that the respondents' vehicle was traveling on the wrong side of the road at the time of the accident, or how they were inconsistent with the respondents' version of the accident. The case does not rest upon circumstantial evidence but upon direct testimony. It was not error to refuse the instruction. *Roberts v. Port Blakely Mill Co.*, 30 Wash. 25, 70 Pac. 111 (1902); 88 C.J.S. *Trial* § 314 (1955).

The judgment is affirmed.

HILL, WEAVER and HUNTER, JJ., and BARNETT, J. Pro Tem., concur.