[No. 74-2.    Division Two.    October 22, 1970.]

J. W. BEARDEN, *as Guardian, Appellant,* v. THE ESTATE OF JAMES A. CHISHOLM *et al., Respondents.*

*Tanner & Burgess* and *Franklin D. Burgess,* for appellant.

*Rush & Lynch* and *William J. Rush,* for respondents.

PEARSON, J.—When a small boy, a narrow residential street and a driver are present, the ingredients of an accident are available. The small boy in this case is Garland Bearden, who was 5 years old at the time of the accident in question. He, his sister, his mother, and a neighbor lady had all been shopping in downtown Tacoma. Upon returning from shopping, Mrs. Bearden parked her car facing north on the east side of Trafton Street, which is 30 feet wide. She and her neighbor got out of the car and stood beside it for a few moments conversing. Garland got out of the car and began walking north along the parking strip on Trafton. Respondent deceased, who died shortly after this accident, but of an unrelated cause, was driving his car northbound on Trafton. The neighbor saw respondent's car, shouted a warning, and then heard the thud which followed impact between the car and Garland. The child had entered the street from in front of a vehicle parked at the curb.

On oral argument, respondent's counsel conceded that by inference from the record,[1] the point of impact might have been on the left side of the street. This case comes here on appeal from the granting, by the trial court sitting with a jury, of a dismissal with prejudice at the conclusion of plaintiff's case pursuant to RCW 4.56.150.

The well-settled law governing proceedings under RCW 4.56.150 compels us to reverse the judgment appealed from and remand this case for a new trial. In a jury case, no element of discretion is involved in ruling on a challenge to the sufficiency of evidence. Evidence favorable to the nonmovant must be, together with the inferences therefrom, construed most favorably to the nonmovant. The

---

[1] Such concession is based upon the testimony of one witness and the placement of the point of impact by the witness on the diagram of the scene of the accident. (Plaintiff's exhibit 1.)

challenge can be granted only if the court can, as a matter of law, say that no substantial evidence exists to support the nonmovant's claim. *Hall v. Puget Sound Bridge & Dry Dock Co.*, 66 Wn.2d 442, 403 P.2d 41 (1965); *Trudeau v. Haubrick*, 65 Wn.2d 286, 396 P.2d 805 (1964); P. Trautman, *Motions Testing The Sufficiency of Evidence*, 42 Wash. L. Rev. 787 (1967).

■ We cannot say that the requisites for granting a challenge to the sufficiency of plaintiff's evidence exist on this record. Testimony from several of plaintiff's witnesses suggests that the defendant was driving his automobile at least partially on the left side of the center of Trafton Street. If found to be so by the jury, this would establish prima facie negligence, since it is a violation of RCW 46.61.100, none of the exceptions to that statute being here applicable. *Moyer v. Clark*, 75 Wn.2d 800, 454 P.2d 374 (1969). Plaintiff is one of the class of persons to be protected by this statute. If he were struck on the left side of the centerline of Trafton Street, then the negligence of defendant would be a proximate cause of plaintiff's injury. *Kemp v. Leonard*, 70 Wn.2d 643, 424 P.2d 660 (1967); *Rhimer v. Davis*, 126 Wash. 470, 218 P. 193 (1923). Here one inference available from the evidence is that plaintiff was struck on the left side of the centerline. Thus, we must hold that under the record the granting of a challenge to the sufficiency of the plaintiff's evidence was error.

Since we must remand this case for retrial, it is necessary to comment on plaintiff's alleged error in the exclusion of the testimony of a medical witness. Plaintiff sought to prove by defendant's personal physician that defendant had certain physical impairments that would have slowed his reactions. Defendant was, so far as we can tell, a driver licensed by the state of Washington. Nothing in plaintiff's offer of proof suggested to us that defendant was incapable of driving a car. In fact, the witness testified in an offer of proof that defendant was medically capable of driving, though his reactions were a bit slow.

■ The trial court is necessarily charged with a wide

discretion in admission or rejection of evidence. This court will not interfere with discretion except in cases of manifest abuse. *Myers v. Harter,* 76 Wn.2d 772, 459 P.2d 25 (1969); *State v. Smith,* 74 Wn.2d 744, 446 P.2d 571 (1968).

Reversed and remanded.

ARMSTRONG, C. J., and PETRIE, J., concur.