940

NORMA DAY, *Appellant,* v. GERALD A. GOODWIN, *Respondent.*

*Ward & Anderson* and *John H. Ward,* for appellant.

*Julin, Fosso & Sage* and *H. C. Fosso,* for respondent.

WILLIAMS, J.—This action was commenced by a parent

seeking damages for the death of her 13-year-old son. Trial by jury resulted in a verdict for the defendant. From the judgment of dismissal entered thereon the mother appeals, requesting a new trial.

The accident causing the death of the youth occurred at about 11 o'clock at night a few miles north of Mount Vernon on old Highway 99, in Skagit County. It was clear, dark, and the road was straight. The decedent and three youthful companions were walking north on the left hand part of the roadway or shoulder when two cars approached from the south, traveling about 50 miles per hour. Respondent Goodwin, driving the following car, while passing the lead vehicle, struck the boy with the left front portion of his car, causing fatal injury.

Appellant assigns as error the refusal of the trial court to find respondent negligent as a matter of law, of error in admitting hearsay testimony, prejudicial argument of respondent's counsel, and the giving or refusal of the court to give certain instructions.

The testimony of the three companions of the decedent was to the effect that they were all walking on the shoulder and that the decedent was not on the roadway at the time he was struck. Respondent testified that he saw one boy walking on the highway almost at the instant of impact. He further testified that when he commenced to pass the lead vehicle, the passing lane was clear.

■ The relative rights and duties of the driver and the pedestrian are defined in the following statutes:

RCW 46.61.120 Limitations on overtaking on the left. No vehicle shall be driven to the left side of the center of the roadway in overtaking and passing another vehicle proceeding in the same direction . . . unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the operation of any vehicle approaching from the opposite direction or any vehicle overtaken.

RCW 46.61.250 Pedestrians on roadways. (1) Where sidewalks are provided it shall be unlawful for any pedestrian to walk along and upon an adjacent roadway.

(2) Where sidewalks are not provided any pedestrian walking along and upon a highway shall, when practicable, walk only on the left side of the roadway or its shoulder facing traffic which may approach from the opposite direction and upon meeting an oncoming vehicle shall step clear of the roadway.

In addition, both driver and pedestrian are bound to exercise due care for the safety of themselves and others. *Colwell v. Nygaard*, 8 Wn.2d 462, 112 P.2d 838 (1941).

For the vehicle operator, RCW 46.61.245 provides:

Notwithstanding the foregoing provisions of this chapter every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary and shall exercise proper precaution upon observing any child or any obviously confused or incapacitated person upon a roadway.

■ Upon the evidence, the minds of reasonable men could well differ on the issue of the alleged negligence of respondent or the decedent, or both. The trial court properly ruled that these were questions to be resolved by the trier of fact. *Briggs v. United Fruit & Produce, Inc.*, 11 Wn.2d 466, 119 P.2d 687 (1941); *Stutz v. Moody*, 3 Wn. App. 457, 476 P.2d 548 (1970).

The next assignment of error concerns the testimony of the occupant of the house located near the scene of the accident, which evidence was received over the objection of appellant. It was to this house that the surviving boys went following the accident. She testified to statements made by them while at her home which contradicted and were inconsistent with the testimony they gave at the trial. Respondent offered these statements to impeach the testimony of the boys without laying any kind of foundation. Respondent's counsel argued to the trial court that it was not necessary to lay a foundation because he was not impeaching with a written statement and that it was not necessary on a material issue as distinguished from a collateral issue.

■ On appellant's motion for a new trial and before this court on appeal, respondent abandoned the impeach-

ment theory and defended the statements as part of the res gestae. There is nothing in the record to show that they were excited utterances or the circumstances were such as to exclude the presumption that they were the result of deliberation or were not the product of premeditation, reflection, or design. Thus, all of the six essential elements of the res gestae exception to the hearsay rule, required by *Beck v. Dye,* 200 Wash. 1, 92 P.2d 1113 (1939), were not present. *May v. Wright,* 62 Wn.2d 69, 381 P.2d 601 (1963). The admission into evidence of the report of the boys' statements concerning the critical details of the accident, made sometime during the 90 minutes following the accident, was prejudicial error requiring a new trial.

The other testimony to which appellant assigns error was given by the investigating state trooper during his redirect examination. His testimony on direct was confined to a description of the accident scene as it was when he arrived a few minutes after the accident and to the investigation he made. On cross-examination he was asked what witnesses he had interviewed and what notes he had taken. He did not testify as to the content of his notes or the conversations he had with the witnesses. On redirect he was asked and permitted to testify, over objection of appellant, as to how a witness described the accident. Respondents contend this hearsay testimony was admissible on redirect because appellant had injected into the trial the contents of the trooper's notes and his conversation with the witness, and it was therefore proper to counter possible unfavorable implications so injected. We do not believe the cross-examination raised any unfavorable implications which respondents were entitled to counter or correct as in *Warren v. Hart,* 71 Wn.2d 512, 429 P.2d 873 (1967).

In his closing argument, respondent's counsel advised the jury that the wrongful death action was an attempt by appellant to get on easy street, was for monetary gain in the death of a child, and that the cause of action was based upon a "statute which the legislature adopted after, I am sure, a good deal of lobbying by claims-minded people."

■ Although counsel is given wide latitude in arguing the evidence to the jury, he must stay within reasonable bounds of legitimate argument. We do not approve of the arguments made and agree with the observation of the Supreme Court in *Pederson v. Dumouchel,* 72 Wn.2d 73, 84, 431 P.2d 973 (1967) that "A case should be argued upon the facts without an appeal to prejudice."

■ We will now consider the instructions. Initially appellant was charged with contributory negligence in permitting her son to be abroad under the circumstances. Reference was made to this defense in respondent's opening statement and testimony was taken relative thereto. Although the defense was withdrawn, the court did not advise the jury that it had been withdrawn, although he was requested to do so. Since the issue had been before the jury, it should have been told of its withdrawal. *Johnston v. Ohls,* 76 Wn.2d 398, 457 P.2d 194 (1969).

■ The instruction on a pedestrian's rights and duties was a direct quotation of RCW 46.61.250 set forth above. Appellant contends that subsection (1) should have been omitted because there was no evidence of a sidewalk. Reading a statute to the jury as an instruction is not necessarily erroneous, although a charge taken from the statute must be justified by the evidence, pertinent to the case, confined to the issues of the case, and it must not mislead the jury. *Ruskin v. Travelers Ins. Co.,* 125 So. 2d 766 (Fla. App. 1960), *petition for cert. dismissed,* 130 So. 2d 881 (Fla. 1961). The Supreme Court has frequently approved instructions that incorporate only the pertinent portions of the applicable statutes, *Wick v. Irwin,* 66 Wn.2d 9, 400 P.2d 786 (1965); *Manos v. James,* 7 Wn.2d 695, 110 P.2d 887 (1941); *Keisel v. Bredick,* 192 Wash. 665, 74 P.2d 473 (1937). Because there was no evidence of a sidewalk, the first subsection should have been omitted from the instruction.

■ Instruction No. 7 was as follows: "One is charged with the duty of seeing that which he would have seen had he been exercising ordinary care." Appellant contends this

instruction should have been made applicable only to the driver and not decedent, because under the statutes above set forth, only the driver had a positive duty to look. We agree. Since the statute gives the pedestrian the duty of walking, when practicable, on the left side of the roadway facing oncoming traffic, he does not have the initial duty of looking to the rear, which was the source of danger in this case. *Louisville Taxicab & Transfer Co. v. Johnson,* 311 Ky. 597, 224 S.W.2d 639, 27 A.L.R.2d 158 (1949). *Beireis v. Leslie,* 35 Wn.2d 554, 214 P.2d 194 (1950), cited by respondent, requires a pedestrian to look both sideways when crossing a street. The same is true of *Billups v. Matzke,* 3 Wn. App. 716, 477 P.2d 188 (1970). The instruction should be drawn to apply only to respondent. *See* Comment, WPI 12.06.

With the exceptions noted, we believe that the instructions properly state the law.

The judgment is reversed, and the cause is remanded for a new trial.

HOROWITZ, A. C. J., and UTTER, J., concur.

Petition for rehearing denied February 22, 1971.

Review denied by Supreme Court April 16, 1971.