**Russell George ELMORE, Jr., Complainant,**

v.

**Vern L. HILL
and
W. H. Brillheart, Defendants.**

**Civ. A. No. 72-C-60-R.**

United States District Court,
W. D. Virginia,
Roanoke Division.

July 11, 1972.

Thomas J. Surface, Roanoke, Va., for plaintiff.

Vann H. Lefcoe, Asst. Atty. Gen., Richmond, Va., for respondents.

## OPINION and JUDGMENT

DALTON, District Judge.

Russell George Elmore brings this complaint for damages and for a request that the court order defendants, officers of Virginia's Division of Motor Vehicles, to restore his operator's license and driving privileges. Defendants have filed a motion to dismiss the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

Elmore was involved in a three-car accident in Roanoke, Virginia on July 8, 1971. Presumably his automobile was not covered by liability insurance at the time of the collision. The owners and occupants of each of the other two automobiles claimed damages totaling $6500, but no suit was filed upon the claims nor any judgment entered against Elmore. On October 15, 1971, Elmore filed a voluntary petition in bankruptcy in the United States District Court in Roanoke. He duly scheduled all of the tort claimants and he also listed both defendants. He was discharged in bankruptcy on December 17, 1971.

Previously, however, on September 28, the defendant Commissioner pursuant to Va.Code Ann. § 46.1–459, requested the plaintiff to obtain releases from the claimants and file a notice of an automobile liability policy, and advised that if he failed to comply, his license would be suspended and his registration cards and tags retrieved. Plaintiff obtained a public liability and property damage automobile policy from State Farm Mutual Insurance Company on March 18, 1972. Eleven days later, by order of the Commissioner, his license, registration cards and tags were retrieved. Elmore argues that the discharge in bankruptcy on December 17, 1971, discharged the tort claims against him and, therefore, the defendants' orders to establish proof of financial security, to obtain releases from the claimants, and, later, to revoke his license were invalid.

In support of their motion to dismiss, defendants allege three grounds: 1) the complaint fails to allege the jurisdictional basis of the suit in violation of Rule 8(a) (1) of the Federal Rules of Civil Procedure; 2) the plaintiff has failed to exhaust his right of appeal under Va. Code Ann. § 46.1–437 of the state's Motor Vehicle Safety Responsibility Act; and 3) the bankruptcy discharge did not discharge the unliquidated tort claim rising out of the automobile accident.

■ Despite the absence in the complaint of a jurisdictional allegation, the point is without merit. If the facts giving the court jurisdiction are adequately set forth in the complaint, the statutes conferring jurisdiction need not be specifically pleaded. Williams v. United States, 405 F.2d 951 (9th Cir. 1969); Schwarz v. United States, 191 F.2d 618 (4th Cir. 1951); Eidschun v. Pierce, 335 F.Supp. 603 (S.D.Iowa 1971). The central question raised by the complaint—the effect of the bankruptcy discharge—clearly involves the provisions of Sections 17 and 63 of the Bankruptcy Act, 11 U.S.C. §§ 35 and 103.

■ Plaintiff need not, moreover, exhaust the state remedy prescribed by § 46.1–437. That statute provides, in part

Any person aggrieved by an order or act of the Commissioner (of the Divi-

sion of Motor Vehicles) requiring suspension or revocation of a license or registration under the provisions of this chapter, may, within thirty days from the date of such order or act, file a petition of appeal in the Circuit Court of the city of Richmond or any court of record having jurisdiction in the city or county wherein such person resides . . . No appeal shall lie in any case in which the revocation of the license or registration was mandatory except to determine the identity of the person concerned when the question of identity is in dispute . . . .

§ 46.1–449 requires the Commissioner to suspend a driver's operator's license, after certain accidents in which such person is involved, unless that person "has previously furnished or immediately furnishes security . . . to satisfy any judgment or judgments for damages" which may be recovered against that person. The commissioner shall dispense with these requirements, however, if he finds that person free from blame for the accident. By § 46.1–459, the suspension and revocation of the license under § 46.1–449 shall remain in effect until the driver, among other things, furnishes security or obtains releases from the tort claimants. The revocation of Elmore's license and other materials by the Commissioner for his failure to comply with these provisions was mandatory. Virginia Farm Bureau Mutual Ins. Co. v. Saccio, 204 Va. 769, 133 S.E. 2d 268 (1963). Therefore, no appeal would lie under § 46.1–437.

■■■ The court agrees, nevertheless, that the defendants' third ground in support of its motion is well founded. Since no suit was filed nor any judgment rendered upon the negligence claims here at issue, they are unliquidated tort claims. As such, they are not provable debts within the meaning of § 63 of the Bankruptcy Act, 11 U.S.C. § 103, and were not discharged by the

bankruptcy discharge under § 17, 11 U. S.C. § 35. Schall v. Camors, 251 U.S. 239, 40 S.Ct. 135, 64 L.Ed. 247 (1919). Nor does § 57(d), 11 U.S.C. § 93(d), which permits liquidation of certain unliquidated claims enlarge the class of claims designated as provable in § 63. Dunbar v. Dunbar, 190 U.S. 340, 235 S. Ct. 757, 47 L.Ed. 1084 (1903). The purpose of § 57(d) is to permit unliquidated claims, otherwise provable under § 63, to be proved and allowed, rather than to render provable claims which are otherwise not provable. Schall v. Camors, supra, 9 Am.Jur.2d Bankruptcy § 405.

The principles of Perez v. Campbell, 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971), upon which plaintiff relies in his complaint, are inapplicable. Very similar on its facts, *Perez* involved the issue of whether under the Supremacy Clause of the Constitution, certain portions of the Arizona Motor Vehicle Safety Responsibility Act are invalid as being in conflict with § 17 of the Bankruptcy Act. Deciding affirmatively, the court held that a discharge in bankruptcy operated to discharge a negligence claim which had been reduced to a judgment debt—a provable debt under § 63—against the bankrupt during the bankruptcy proceedings. Therefore, the Commissioner of the Arizona Motor Vehicles Division could not revoke the bankrupt's license and registration cards for the latter's failure to establish financial security as to obtain releases from the judgment creditors. Here, on the other hand, there is no conflict between the Virginia law and the Bankruptcy Act because the claims against Elmore are not provable, and discharge in bankruptcy did not therefore invalidate the defendants' orders and acts. It appears therefore that defendants' motion to dismiss should be granted.

It is so ordered, and it is further ordered that the complaint be dismissed and the case stricken from the docket.